**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Brian Bielozer, et al.** | ) | **CASE NO. 1:14 CV 1160** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **City of North Olmsted, et al.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## Introduction

This matter is before the Court upon Defendant the City of North Olmsted's Motion for Partial Judgment on the Pleadings (Doc. 8). This case arises from Plaintiff Brian Bielozer's employment with North Olmsted. For the reasons set forth below, the motion is DENIED; however, Counts Seven, Eight, and Nine of the complaint are DISMISSED.[1]

## Facts

Plaintiffs Brian Bielozer ("Bielozer") and Lisa Bielozer bring this action against the

---

[1] North Olmsted sought this Rule 12(c) motion on the basis of lack of subject matter jurisdiction. Having concluded that it lacks jurisdiction, the Court cannot enter judgment in North Olmsted's favor and instead dismisses the claims.

City of North Olmsted ("North Olmsted") and several members of the North Olmsted police department. (Comp. ¶ 11).

The following facts are set forth in the pleadings.  Bielozer worked as a police officer for North Olmsted in a position covered by a collective bargaining agreement ("CBA") with the Fraternal Order of Police ("FOP"). (Doc. 7-1).

In August 2013, Bielozer was facing disciplinary proceedings related to two pending internal investigations. (Comp. ¶ 33).  The CBA establishes, among other things, the grievance and disciplinary procedures to be used between union members and North Olmsted.  Article XVI outlines the grievance procedures' time limits and provides that the limits "may only be extended by mutual agreement of the parties." (Doc. 7-1)

On August 14, 2013, Bielozer's FOP representative received a proposal from North Olmsted's Law Director to temporarily forgo the disciplinary process related to the pending investigations against Bielozer while he sought a disability pension. (Comp. ¶ 33).  The agreement was memorialized in an August 23, 2013 document ("Standstill Agreement"). (Comp. ¶ 34).  It provides:

> A. The contractual disciplinary timeline stops as of today and restarts if and when we have a pre-disciplinary hearing on the current charges.
> B. Neither party suffers any prejudice as a result of the delay which is mutually sought.
> C. Notice will be provided to the city within 24 hours of the receipt of a decision by the pension board or the withdrawal of the application.
> D. An application for disability pension will be submitted ASAP but no later than September 28, 2013.
> E. The agreement in no way limits the City's right to issue discipline for the allegation(s) currently pending against Officer Bielozer.
> F. This agreement is intended to postpone the pre-disciplinary hearing until such time as an initial determination has been made by the pension board, it will not extend to any appeal or additional re-application.

>G. This postponement of pre-discipline is conditioned upon Officer Bielozer not committing any additional departmental rule/regulation/code violations between today and the initial determination of the Pension Board.
>H. The City may in its discretion schedule a pre-discipline hearing on Internal Investigations 13-13784 and 13-10440 after the expiration of four (4) months or upon a violation of any other rule/regulation or code violations, unless otherwise agreed.
>I. The Arbitration currently scheduled with Arbitrator Stein for August 28, 2013 will be rescheduled upon the commencement or recommencement of any disciplinary action against Officer Bielozer.

(Comp., Ex. A).

Despite the Standstill Agreement, Bielozer was placed on paid administrative leave on October 10, 2013 by North Olmsted for alleged violations of Ohio's Law Enforcement Automated Data System, all of which occurred prior to the execution of the Standstill Agreement. (Comp. ¶ 35). A pre-disciplinary hearing was held on November 25, 2013. (Comp. ¶ 42). And Bielozer's employment was terminated on November 27, 2013, prior to the expiration of the four month time period set forth in the Standstill Agreement. (Comp. ¶ 42).

On April 25, 2014, plaintiffs filed a fourteen count complaint in the Cuyahoga County Court of Common Pleas alleging various state and federal claims. Defendants thereafter removed the suit to this Court.

North Olmsted now moves for partial judgment on the pleadings on Count Seven for breach of contract, Count Eight for promissory estoppel, and Count Nine for fraud, which are alleged solely against North Olmsted. Plaintiffs oppose the motion.

**Standard of Review[2]**

---

[2] North Olmsted moves to dismiss Counts Seven, Eight, and Nine under Fed. R. Civ. P. 12(c). Although the motion indicates that it should be reviewed under the standard in Rule 12(b)(6), the motion is attacking this Court's subject matter

3

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  When lack of subject matter jurisdiction is raised in a Rule 12(c) motion, the court applies the same standard of review as is applied in Rule 12(b)(1) motions. *Humphrey v. Global Equity Lending, Inc.*, 2:08CV68, 2008 WL 5262769 (E.D. Va. Dec. 17, 2008).

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Rogers v. Stratton,* 798 F.2d 913, 915 (6th Cir. 1986).  This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1248 (6th Cir.1996).  A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994).  Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id.*  Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id.*  Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id.*  In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.,* 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320 (6th Cir. 1990)).  Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.,* 70 F. Supp. 2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l,* 922 F.2d 320; *Rogers,* 798 F.2d 913).

---

jurisdiction.  As such, the Court reviews this 12(c) motion under the standard in 12(b)(1).

**Discussion**

North Olmsted moves to dismiss Counts Seven, Eight, and Nine arguing that this Court lacks subject matter jurisdiction as the claims are governed by the CBA and jurisdiction lies with the Ohio State Employment Relations Board ("SERB").  Plaintiffs maintain that these claims do not arise from and are not dependent on the CBA but originate from the Standstill Agreement, which is independent of the CBA.  As such, claims arising from it can be maintained in this Court.

Exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under O.R.C. § 4117.11; or (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in O.R.C.§ 4117.11. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127–128, 637 N.E.2d 878, 880.  In addition, "SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims." *State ex rel. Cleveland v. Sutula*, 2010-Ohio-5039, 127 Ohio St. 3d 131, 135, 937 N.E.2d 88, 93 (quoting *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland,* 156 Ohio App.3d 368, 2004-Ohio-994, 806 N.E.2d 170, ¶ 12).  Therefore, if a party asserts claims that "arise from or are dependent on the collective bargaining rights" created by O.R.C § 4117, the remedies provided in that chapter are exclusive. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph two of the syllabus.

After review, the Court finds that Counts Seven, Eight, and Nine must be dismissed

because these claims all "arise from or are dependent" on the CBA. "The principle notion . . . is that a settlement agreement, entered into to resolve a dispute covered under a collective bargaining agreement, is also covered under that collective bargaining agreement." *Bryant v. Witkosky,* 2002-Ohio-1477. In *Jones v. General Motors Corp.*, the Sixth Circuit considered a state law claim for breach of a settlement agreement that was negotiated in a grievance procedure established by a collective bargaining agreement. 939 F.2d 380, 383 (6th Cir. 1991). Although analyzing whether the claim was preempted by the Labor-Management Relations Act ("LMRA"), the court reasoned that while "resolution of [the breach of contract claim] will not involve the direct interpretation of a precise term in the CBA, . . . it will require a court to address relationships that have been created through the collective bargaining process and to mediate a dispute founded upon rights created by a CBA." *Id.* at 382-83. For the Sixth Circuit, this process required an "interpretation of the terms" of the CBA. *Id. See also Sweat v. Johnson Controls, Inc.*, 3:01 CV 7020, 2001 U.S. Dist. LEXIS 7135 (N.D. Ohio April 26, 2001) (Carr, J.) (unreported) (following *Jones* and dismissing a breach of contract claim based on an agreement entered into under a grievance procedure because it would require the court to address the relationships of the parties created by the collective bargaining agreement).

Count Seven alleges a claim for breach of contract against North Olmsted for terminating Bielozer's employment before the expiration of the four month time period in the Standstill Agreement. (Comp. ¶ 88-93). Count Eight states a claim against North Olmsted for promissory estoppel due to Bielozer's reliance on the Standstill Agreement. (Comp. ¶ 94-102). And Count Nine alleges that North Olmsted committed fraud by inducing Bielozer to

postpone the disciplinary timeline with the Standstill Agreement. (Comp. ¶ 103-107). To say that these claims do not "arise from or are [not] dependent on" the CBA ignores that the Standstill Agreement was begotten by the CBA. *Accord Jones*, 939 F.3d at 383 (noting that a settlement agreement was prompted by a collective bargaining agreement and finding that rights related to the settlement agreement were created by the collective bargaining agreement). The Standstill Agreement pertains to postponing the disciplinary procedures established in the CBA and references the provisions of the CBA within its text. *See* Standstill Agreement (Comp. Ex. A) ("The contractual disciplinary timeline stops as of today and restarts if and when we have a pre-disciplinary hearing on the current charges."). Indeed, the CBA actually requires the Standstill Agreement, or something similar to it, to forestall the pending disciplinary procedures against Bielozer because the CBA states that the "[t]ime limits set forth herein may only be extended by mutual agreement of the parties." (Doc. 7-1 Article XVI).

Plaintiffs' attempt to recast these claims as based on an independent contract are unavailing. The Court finds that the claims arise from, or are dependent on, interpretation of the CBA. Consequently, the remedies in O.R.C. § 4117 are exclusive and this Court is without jurisdiction to hear these claims.

**Conclusion**

For the reasons set forth above, this Court lacks subject matter jurisdiction. Consequently, this Court cannot enter judgment and North Olmsted's Motion for Partial Judgment on the Pleadings (Doc. 8) on Counts Seven, Eight, and Nine is DENIED; however, Counts Seven, Eight, and Nine are DISMISSED. The remaining counts are still pending.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/9/14