**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Brian Bielozer, et al.,** ) | **CASE NO. 1:14 CV 1160** |
| ) | |
| **Plaintiffs,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **vs.** ) | |
| ) | |
| **City of North Olmsted, et al.,** ) | **Memorandum of Opinion and Order** |
| ) | |
| **Defendants.** ) | |

### Introduction

This matter is before the Court upon Defendants' Motion to Dismiss Counts Seven, Eight, Nine, Eleven, and All Claims Against Defendants Victor Branscum, Cheryl Farver, and Lisa Kidd in Plaintiffs' Amended Complaint (Doc. 54). This case arises from plaintiff's employment with defendant North Olmsted. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

### Facts

Plaintiffs, Brian Bielozer ("plaintiff") and Lisa Bielozer, filed this lawsuit against defendants, City of North Olmsted ("City"), Jamie P. Gallagher, Charles Fioritto, Ronald

1

Cox, Scott Thomas, Victor Branscum, Cheryl Farver, and Lisa Kidd alleging wrongdoing in connection with plaintiff's employment as a police officer with the City.

For purposes of ruling on the present motion, the facts alleged in the First Amended Complaint ("complaint") are presumed true.

Plaintiff alleges that he was employed as a law enforcement officer from September 21, 1998 until his discharge on November 27, 2013.  According to the complaint, defendant Gallagher was plaintiff's boss.  After an incident in which plaintiff suggested that Gallagher alter the grip on his firearm, Gallagher began harassing plaintiff.  Plaintiff claims that Gallagher instituted multiple internal investigations against plaintiff and informed plaintiff that Gallagher was going to "target" plaintiff for severe disciplinary action.

Plaintiff further alleges that in 2012 he took medical leave as a result of knee surgery.  Upon plaintiff's return to work, Gallagher continued to harass plaintiff.  Plaintiff claims that Gallagher denied his request to return to work full time, despite his medical clearance.  In early January 2013, Gallagher removed plaintiff from two specialized positions.

In April 2013, plaintiff suffered significant injuries that he sustained in a work related automobile accident.  Plaintiff again required medical leave.  While on leave, plaintiff alleges that Gallagher entered his property without permission and took pictures of plaintiff and his family.  In late April, defendant Branscum reported to defendant Cox, who in turn relayed the information to Gallagher, that plaintiff was shoveling and spreading mulch while on sick leave. This information was false.  Plaintiff alleges that defendant Farver was the source of the false information.

Plaintiff further alleges that defendants Thomas, Farver, and Kidd provided false

information to CareWorks, the organization handling plaintiff's work related injury claim.

Plaintiff returned to work but then took further medical leave from May through August of 2013 due to anxiety suffered as a result of harassment at work.  While on leave, the City initiated multiple investigations against plaintiff.   Upon plaintiff's return to work, the City agreed to suspend the internal investigations provided plaintiff did not commit any additional violations.  On or about October 9, 2013, defendants Fioritto and Cox furnished false and misleading information regarding plaintiff to Ohio's Law Enforcement Automated Data System ("LEADS").  The following day, the City placed plaintiff on involuntary leave for alleged violations of the LEADS system.  However, these alleged violations occurred prior to plaintiff's return to work and, therefore, were not "additional violations."

Ultimately, the City terminated plaintiff's employment and this lawsuit followed.  The complaint contains fifteen claims for relief.  Counts one and two allege claims for trespass and invasion of privacy.  Count three is a claim for violation of 42 U.S.C. § 1983.  Count four is a claim for defamation.  Counts five, six, and seven allege false light invasion of privacy, intentional infliction of emotional distress, and breach of contract, respectively.  Counts eight and nine are claims for promissory estoppel and fraud.  Count ten asserts a claim for retaliation in violation of the Family Medical Leave Act ("FMLA") and count eleven is a claim for interference in violation of the FMLA.  Counts twelve and thirteen arise under O.R.C. § 4112.  Counts fourteen and fifteen are claims for loss of consortium and aiding and abetting civil conspiracy, respectively.

This matter is before the Court upon defendants' motion to dismiss, which plaintiff opposes.

3

**Standard of Review**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**Discussion**

**Counts Seven, Eight, and Nine**

Defendants move to dismiss counts seven, eight, and nine of the First Amended Complaint for the reasons set forth in their motion for judgment on the pleadings on these claims in the original complaint. *See* Doc. 8. Plaintiff opposes the motion for the reasons stated in the earlier opposition. *See* Doc. 12.

Plaintiff's allegations on counts seven, eight, and nine in the First Amended Complaint are the same as those presented in the original complaint and plaintiff does not present any new argument as to why these claims can be maintained. For the reasons set forth

4

more fully in the Court's Order of September 9, 2014, the Court is without subject matter jurisdiction on counts seven, eight, and nine and those claims are dismissed. (Doc. 17).

### Count Two (Invasion of Privacy)

Farver and Branscum move to dismiss count two, which alleges invasion of privacy. These defendants argue that the specific factual allegations in the complaint are directed only at defendant Gallagher. According to defendants, plaintiff alleges that defendant Gallagher came to his house and took pictures of his family. There are no similar allegations against defendants Farver and Bransum.

Upon review, the Court finds that defendants' motion must be denied. Paragraph 65 of the complaint contains the following allegation:

> The actions of Ms. Farver, Detective Branscum, and Chief Gallagher of conducting surveillance of plaintiffs' property and lurking behind trees to take pictures of [plaintiff and his family...constitute an invasion of privacy].

Although the Court acknowledges that earlier references in the complaint regarding this incident are directed only at defendant Gallagher, the Court finds that the allegations in Paragraph 65 are sufficient to state a claim for invasion of privacy against Farver and Branscum.

### Count Four (Defamation)

Kidd and Farver move to dismiss the defamation claim brought against them. According to these defendants, the complaint does not identify any allegedly defamatory statement made by them. Plaintiff argues that defendants cite no case law requiring them to set forth the specific statement at issue. Rather, according to plaintiff, these defendants surely can recall statements they made to CareWorks.

5

Under Ohio law, a plaintiff alleging defamation must show that "a defendant published defamatory and actionable statements to a third party who understood the defamatory nature of the publication." *Hout v. City of Mansfield,* 550 F. Supp. 2d 701, 747 (N.D. Ohio 2008) (citing *Cooper v. Grace Baptist Church of Columbus, Ohio, Inc.,* 81 Ohio App.3d 728, 612 N.E.2d 357, 362 (Ohio Ct.App.1992)). The elements of a defamation claim include: (1) a false and defamatory statement; (2) unprivileged publication to a third party; (3) "fault amounting at least to negligence on the part of the publisher;" and (4) actionability or special harm caused by the statement. *Harris v. Bornhorst,* 513 F.3d 503, 522 (6th Cir. 2008) (quoting *Akron–Canton Waste Oil v. Safety–Kleen Oil Servs.*, 81 Ohio App.3d 591, 611 N.E.2d 955, 962 (Ohio Ct.App.1992)).

Upon review, the Court finds defendants' argument to be well-taken. With regard to defendants Kidd and Farver, plaintiff alleges only that defamatory statements were made. *See*, First Am. Compl. ¶ 81 ("Lisa Kidd, acting at the direction of Ms. Farver and Mr. Thomas, published false, defamatory and misleading statements to representatives of CareWorks regarding Officer Bielozer."). This is insufficient. *See, e.g., Smith v. Board of Trustees Lakeland Community College*, 746 F. Supp. 2d 877, 903 (N.D. Ohio 2010) ("general assertion that Defendants called her 'defiant' . . . does not give rise to a plausible defamation claim. As Defendants correctly note, there are no allegations regarding to whom the alleged defamatory statement was made or the context in which it was allegedly made."). Because plaintiff fails to even generally allege the content of the defamatory statements, the motion to dismiss is granted as to defendants Kidd and Farver.

**Count Eleven (FMLA Interference)**

All defendants seek to dismiss count eleven, plaintiff's FMLA interference claim. Defendants argue that plaintiff only vaguely identifies what actions interfered with plaintiff's FMLA rights and the complaint fails to specify what damages plaintiff suffered as a result of their interference.  In response, plaintiff argues that Sixth Circuit law provides that a plaintiff need only comply with notice pleading requirements for FMLA claims.

Upon review, defendants' motion is granted as to defendants Thomas and Kidd.  With regard to these two defendants, the only factual allegations that could conceivably relate to an FMLA interference claim involve the alleged defamatory statements to CareWorks.  *See*, First Am. Compl. ¶ 36 ("By providing false and misleading information about [plaintiff] to representatives of CareWorks, Defendants Farver, Thomas, and Kidd unlawfully interfered with [plaintiff's] exercise of his medical leave rights....").  As set forth above, however, plaintiff fails to allege the content of any such statement.  Therefore, for these same reasons, plaintiff fails to state a claim against these defendants.

With regard to the other defendants, however, the complaint contains factual allegations that could arguably be construed to relate to a claim for FMLA interference.  For example, plaintiff alleges that Gallagher came to his house and photographed his family while he was on medical leave.  Similarly, plaintiff alleges that defendants Bransum, Cox, and Farver were involved in reporting false information regarding plaintiff's activities while on medical leave.  Although somewhat more tenuous, plaintiff alleges that defendant Fioritto was involved in supplying false LEADS information and participated in the decision to terminate defendant's employment.  On the whole, the Court finds that plaintiff has stated a claim for FMLA interference against these defendants.

**Conclusion**

For the reasons set forth above, defendants' motion is GRANTED IN PART and DENIED IN PART.  Counts seven, eight, and nine are DISMISSED.  Count four is DISMISSED against Kidd and Farver.  Count eleven is DISMISSED against Thomas and Kidd.  The rest of the First Amended Complaint remains pending.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/5/15